FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 02 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10-CV-207-F |
| KINDRED NURSING CENTERS WEST, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

## AMENDED CONSENT DECREE

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Kindred Nursing Centers West, L.L.C., d/b/a Mountain Towers Healthcare and Rehabilitation Center ("Mountain Towers" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In its Complaint, the Commission alleged that Defendant engaged in unlawful sex discrimination in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it disciplined Jamie Martinez within days of being

informed that she was pregnant. The Commission alleged that Defendant further violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it terminated Jamie Martinez's employment because of her sex (pregnancy). Defendant denies these allegations and no Court has made any ruling or finding on the EEOC's claims or Defendant's defenses to them.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter and to avoid the expense and uncertainty of litigation, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved finally by entry of this Consent Decree ("Decree"). Nothing in this Consent Decree is intended to be, nor will it be deemed to be, an admission of liability or wrongdoing by Defendant or an adjudication of the rights of either party.

It is hereby ORDERED, ADJUDGED AND DECREED:

1.     This Decree resolves all claims arising out of the Charge of Discrimination filed by Martinez against Defendant, EEOC Charge No. 32K-2008-00186; WFEP #107-2008 (the "Charge"), and constitutes a complete resolution of all claims that the Commission and

2

Martinez made or could have made against Defendant in this lawsuit, including claims for back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs.

2.     Defendant affirms its EEO commitment and affirms that it does not and will not, for the duration of this consent decree, discriminate against any applicant or employee on the basis of sex, including pregnancy.

3.     Mountain Towers, and its successors and assigns, will comply with all provisions of Title VII and, for the duration of this consent decree, will not engage in any employment practice that constitutes unlawful retaliation thereunder.

4.     Mountain Towers, and its successors and assigns, for the duration of this Decree, shall carry out policies, practices and programs which provide equal employment opportunities for individuals regardless of their sex, including pregnancy.

### *MONETARY RELIEF*

5.     Within ten (10) calendar days of the entry of this Decree, Defendant or its designee shall pay Jamie Martinez the sum of Ten Thousand Dollars ($10,000.00) as follows:

     a.     One check payable to Jaime Martinez in the gross amount of Five Thousand Dollars ($5,000.00), less lawful wage deductions. An IRS Form W-2 will be issued to Martinez for this payment; and

3

    b.  One check payable to Jaime Martinez in the amount of Five Thousand Dollars ($5,000.00), which payment shall be in full and complete settlement of Martinez's non-wage claims in this lawsuit.  An IRS Form 1099 will be issued to Martinez for this amount.

    6.  The checks identified in Paragraph 5 of this Decree shall be mailed directly by Defendant or its designee to Jamie Martinez, at the address to be provided by the Commission within ten (10) days of the entry of this Decree.  Within three (3) business days of the issuance of the check or money order, Defendant shall submit a copy of the check or money order, and related correspondence, to the United States Equal Employment Opportunity Commission, Regional Attorney, 3300 North Central Avenue, Suite 690, Phoenix, Arizona, 85012.

    7.  Defendant shall not condition receipt of monetary relief on Ms. Martinez' agreement to: (a) maintain as confidential the terms of this Decree or the facts and allegations underlying the litigation; and (b) waive her statutory right to file prospectively a charge with any federal or state anti-discrimination agency.

### TRAINING

    8.  During the one (1) year term of this Decree, Defendant shall provide training regarding discrimination, to the executive director, district director of human resources,

4

Regional Director of Managed Care, and all department heads in and for its Cheyenne, Wyoming facility. The training shall be no less than ninety (90) minutes, including time for questions. The registry of attendance shall be retained by Defendant for the duration of the Decree.

9.      The trainer shall be a person(s) acceptable to the Commission. Defendant shall submit the name(s), address(es), telephone number(s), and resume(s) of the proposed trainer as well as the date(s) of the proposed training to the EEOC at least sixty (60) days prior to the proposed training. The Commission shall have thirty (30) days from the date of receipt of the information described above to accept or reject the proposed trainer. The Commission shall not unreasonably withhold approval of the trainer proposed by Defendant.

10.      The training shall include the following:

A. The subject of what constitutes discrimination;

B. That discrimination in the recruitment, hiring, firing, compensation, assignment or other terms, conditions or privileges of employment violates Title VII;

C. How to prevent discrimination;

D. To whom and by what means employees may complain if they believe they have been subjected to pregnancy discrimination in the workplace;

5

E. Defendant's statutory obligations under Title VII in general, and in particular its obligation not to discriminate on the basis of sex, including pregnancy, in employment decisions concerning the continuing employment of current employees; and,

F. Objective, non-discriminatory procedures for evaluations, discipline, reassignments, and terminations.

### OTHER RELIEF

11.    Within thirty (30) days of the entry of this decree, Defendant shall mail to Jamie Martinez and the Commission a neutral letter of reference, on Defendant's letterhead, including her dates of employment, position(s) held, and salary, as set forth in Exhibit A.

12.    Martinez agrees to direct any reference request from a prospective employer to the "Work Number," a service of the TALX Corporation, at 1.800.367.5690 (Employer code #11916).  In response to such requests, the Work Number will provide Martinez's position, dates of employment, and, if Martinez so chooses, her wage information. Defendant shall have no other obligations in connection with providing a neutral reference.  Martinez shall not provide any other contact information for Mountain Towers or its employees.

13.    Mountain Towers shall post for six months, in a location frequented by its employees, the Notice attached hereto as Attachment B.  The Notice shall be the same type,

6

style and size as set forth in Attachment B.

### *REPORTING BY DEFENDANT*

14.    Defendant shall report the following information in writing to the Regional

Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690,

Phoenix, Arizona 85012:

> A.. Within sixty (60) days after the training is conducted, confirmation that
>
> Defendant's equal employment opportunity training included the topics listed
>
> in Paragraph 12 of this Decree.

> B. Defendant shall maintain all records concerning its implementation of this
>
> Consent Decree during the term of the Decree.

### *COSTS, DURATION AND ENFORCEMENT*

15.    The parties shall each bear their own costs and attorneys' fees incurred as a

result of this action through the filing of this Decree.

16.    The duration of this Decree shall be one (1) year from its entry. This Court

shall retain jurisdiction over this action for the duration of the Decree for purposes of

enforcing compliance with the Decree, including issuing orders that may be required to carry

out its purposes. During this time, if either party to this Consent Decree believes that the

other party has failed to comply with any provision of the Decree, the complaining party shall

notify the other party of the alleged non-compliance within 10 business days of the alleged non-compliance and shall afford the alleged non-compliant party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-compliant party has complied. If the alleged non-compliant party has not remedied the alleged non-compliance within 10 business days, the complaining party may apply to the Court for appropriate relief.

17.     This Decree shall expire by its own terms at the end of one year (1) from the date of entry, without further action by the Parties.

18.     If any provision(s) of this Consent Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall remain in full force and effect.

## *RESOLUTION OF CASE*

19.     This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 10-CV-207F, and constitutes a complete resolution of all claims under Title VII or the 1991 Civil Rights Act that the Commission made or could have made in this lawsuit. Further, this Consent Decree resolves all claims arising out of the Charge of Discrimination filed by Martinez against Defendant, EEOC Charge No. 32K-2008-00186; WFEP #107-2008.

19.    The parties agree to entry of this Decree, subject to final approval by the Court.

20.    Both parties request that this Court approve this Consent Decree and, pursuant to FRCP 41(a)(1), dismiss this case with prejudice, without costs to either party, and with the Court reserving jurisdiction only as necessary to enforce this Consent Decree.

21.    The Commission agrees that it will not bring any further claim against Defendant relating to any claims that were brought or could have been brought as a part of this lawsuit.


Dated this 2nd day of May, 2011.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE

9

EXHIBIT A

To Whom It May Concern:

      Ms. Jamie Martinez was employed by Mountain Towers Healthcare and Rehabilitation Center from May, 2007 through February 8, 2008.  Originally, Ms. Martinez was hired as a nurse.  On July 30, 2007, Ms. Martinez was promoted to the position of Clinical Liaison/Admissions Coordinator.  In the latter position, Ms. Martinez earned a salary of $50,960.00 annually.

                  Sincerely,

                  [Name]
                  [Title]

**Exhibit B**

## NOTICE TO ALL EMPLOYEES

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. It is also unlawful to retaliate against any person because the person protested or reported any discriminatory practices to management or the EEOC.

Employers may not discriminate against any employee or retaliate against any employee for complaining about discrimination.

If you believe you have been discriminated against, you have the right to seek assistance from:

> **EEOC**, 3300 North Central Avenue, Suite 690
> Phoenix, Arizona 85012
> Telephone: (602) 640-5000
> TTY: (602) 640-5072
> Website (national): www.eeoc.gov

You have the right to file a charge with the EEOC if you believe you are being discriminated against or retaliated against for reporting discrimination.

It is against the law for any action to be taken against you by any supervisory or management official for: (1) opposing discrimination or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC.